**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND**
*In Admiralty*

| | | |
|---|---|---|
| Chesapeake Harbour Marina, Inc. | * | |
| | * | |
| *Plaintiff* | * | |
| | * | |
| v. | * | Civil No. |
| | * | |
| M/V "Southern Charm", *her engines, tackle, appurtenances, etc. in rem;* | * | |
| | * | |
| and | * | |
| | * | |
| Pelican Investment, LLC | * | |
| | * | |

* * * * * * * * * * * * * * * * *    *    * * * * * * * * * * * * * * * * *

**VERIFIED COMPLAINT IN REM**

Plaintiff Chesapeake Harbour Marina, Inc., by and through its attorneys Todd D. Lochner, Gregory R. Singer and Lochner Law Firm, P.C, file this Verified Complaint *in rem* against the Motor Yacht "Southern Charm", a 1977 72' Burger Yacht, USCG Official No. 586677, Hull Number 355C, Hull Identification No. BBG135500578 ("the Yacht)", which Yacht is currently found within the jurisdiction of this Honorable Court, and *in personam* against Pelican Investment, LLC, and states in support thereof:

**Summary of Action**

Chesapeake Harbour Marina, Inc. is a yacht services business in Maryland which provided dockage to the "Southern Charm", a motor yacht owned by Defendant Pelican Investment, LLC pursuant to an Annual Dockage License Agreement executed by George Scarborough as Manager

of Pelican Investment, LLC.  The Annual Dockage License Agreement (hereinafter, "Agreement") which forms the basis of this suit is attached as Exhibit 1.  Pursuant to the Agreement, Chesapeake Harbour Marina, Inc. (hereinafter, "the Marina") agreed to provide dockage to the Yacht from October 2019 through September 2020, in exchange for payment of $21,120.  The Marina provided said dockage services and received a fraudulent check from another company which the beneficial owner appears to control, the falsehood of which failed to render payment on the dockage Agreement.  To date the Marina has received zero payment from Pelican Investment, LLC, or any other entity or person for dockage services.  The Marina provided dockage services to the Yacht from approximately October 1, 2019 through December 8, 2019, for which payment is due and owing, along with additional contract damages, under the Agreement.  As such, the Marina has an *in rem* claim against the Yacht for failure to pay the bill, and is entitled to execute the lien against the Yacht in this action before the Court.

### Jurisdiction and Venue

1. This claim is a maritime lien foreclosure action pursuant to the Commercial Instruments and Maritime Liens Act ("CIMLA") 46 U.S.C. § 31301, *et seq.*, and the Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1333.  This is an Admiralty and Maritime claim within the meaning of Fed. R. Civ. P. 9(h).

2. Plaintiff states pursuant to Admiralty Rule C(2)(c) that the Yacht is believed to be currently within the jurisdiction of the United States District Court for the District of Maryland; to wit, the Yacht currently lies at 64 Old South River Road in Edgewater, Maryland.  The Yacht's presence with the District provides this Court its *in rem* jurisdiction over the Yacht.

3. This Court's exercise of personal jurisdiction over *in personam* Defendant Pelican Investment, LLC is proper pursuant to Defendant's entering and breaching a contract within the

District of Maryland, as well as its owning and operating, *inter alia*, a motor yacht which is within the District of Maryland, or is expected to be within the District while this action is pending.

## Parties

4. Plaintiff Chesapeake Harbour Marina, Inc. is a Corporation organized under the laws of Maryland, with its headquarters in Annapolis, Maryland.

5. Defendant Yacht "Southern Charm" ("the Yacht") is a 1977 72' Burger Yacht, USCG Official No. 586677, Hull Number 355C, Hull Identification No. BBG135500578. Defendant Yacht is within the District of Maryland, or is expected to be within the District while this action is pending.

6. Defendant Pelican Investment, LLC is, upon information and belief, a Delaware Limited Liability Company owning the Defendant Yacht.

## Facts

7. In October of 2019 Pelican Investment, LLC contracted with Chesapeake Harbour Marina, Inc. to provide one year of dockage to Pelican Investment, LLC's Yacht, the M/V "Southern Charm", at an annual rate for the charge of $21,120.00.

8. This contract is memorialized in the Agreement, attached hereto as Exhibit 1, and executed by George Scarborough as Manager of Pelican Investment, LLC, owner of the Yacht.

9. To date neither Pelican Investment, LLC, Mr. Scarborough, or any other owner or agent of the Yacht has paid the Marina the amount due under the Agreement.

10. The Marina remains unpaid in the principal amount of $21,120.00.

11. In December of 2019 through February of 2020 Defendant, via its agent and beneficial owner George Scarborough, made numerous promises via phone call and email to pay the annual dockage fee, but never made any actual payment.

12. In early December of 2019, Defendant, via its agent and beneficial owner George Scarborough, indicated to the Marina that he needed to take his boat out of the Marina to fuel it up, and would return shortly.

13. Before leaving the Marina Mr. Scarborough tendered a check for $10,400, approximately one-half of the annual dockage owed, drawn from Scarborough Freight & Transportation Systems, Inc., which upon information and belief is another corporation owned by Mr. Scarborough.

14. The Marina attempted to deposit said check in order to receive payment under the Agreement; however the check bounced due to insufficient funds in the account.

15. After passing the bad check as payment to the Marina in order to leave briefly to fuel up the Yacht, the Yacht never returned to the marina.

16. Thus, to date the Marina has not received any payment on the Agreement.

17. The Marina has demanded payment multiple times, and Defendant has promised to pay many times, as exemplified in the correspondence attached as Exhibit 2, but to date no payment has been made.

18. The Agreement further provides, at paragraph 9, that the Marina "shall have a maritime lien under federal and state law for all charges, costs and expenses in providing dockage …. to or for the benefit of the Vessel" and that all costs "relating to the enforcement of Chesapeake's [the Marina's] legal rights, **including reasonable attorneys' fees**, shall constitute a charge and lien against the Vessel."

19. The agreement further provides, at Paragraph 3, that if the Owner of the Yacht is in default for failure to pay the annual dockage fee, that the Marina "may choose to withdraw the annual rate and impose the daily rate from the first day of the Agreement period."

20. The daily rate in effect in October 2019 for the Marina was $3 per foot per day; as such the daily rate for the Yacht, which is approximately 72 feet long and occupies a 88-foot long T-head slip, would have been $264 per day.

21. The total amount due under the Agreement, calculated favorably to Defendant at the annual rate rather than the daily rate, is at least $21,120.00.

22. The dockage provided by the Marina for the benefit of the Yacht was requested by George Scarborough, as Manager for Pelican Investment, LLC, which is the owner of the Yacht and/or a person authorized by the owner of the Yacht, and/or a person presumed to have authority to procure necessaries for the Yacht pursuant to 46 U.S.C. § 31341.

23. The dockage provided by the Marina on the Yacht constituted "necessaries" within the meaning of 46 U.S.C. 31301(4).

24. The Marina relied on the credit of the Yacht in providing dockage services to the Yacht.

## COUNT I
### (Against Yacht *In Rem*)
### Maritime Lien Foreclosure Action Pursuant to 46 U.S.C. § 31301, *et. seq.*

25. Plaintiff Chesapeake Harbour Marina, Inc. realleges the above paragraphs of the Verified Complaint as if fully set forth herein.

26. Plaintiff contracted with Pelican Investment, LLC, which is the Owner of the Defendant Yacht, to provide dockage services to the Yacht, and did in fact provide dockage services to the Yacht for the period of 2019-2020.

27. Plaintiff is owed the total sum of at least $21,120.00 for necessaries provided to the Defendant Yacht, in the form of dockage services provided under the Agreement.

28.     Defendant Yacht and its owners have failed to pay the balance due for necessaries, or indeed to make *any* payment for the necessaries provided by Plaintiff.

29.     Plaintiff is therefore entitled to recover from the *in rem* Defendant Yacht the total sum of at least $21,120.00, plus pre-judgment interest, attorneys' fees, *custodia legis* expenses for the Vessel while it is under arrest, and the costs of this proceeding which include, but are not limited to, the U.S. Marshal's fees and Court filing fees.

## COUNT II
### (Against Pelican Investment LLC, *in personam*)
### Breach of Maritime Contract

30.     Plaintiff Chesapeake Harbour Marina, Inc. realleges the above paragraphs of the Verified Complaint as if fully set forth herein.

31.     Plaintiff entered into a maritime contract with Pelican Investment, LLC to provide dockage services to the Defendant Yacht in exchange for payment, as memorialized by the Agreement, Exhibit 1.

32.     Plaintiff provided such dockage to the Defendant Yacht owned by Defendant Pelican Investment, LLC pursuant to the parties' contract, throughout the 2019-2020 period.

33.     The dockage provided was authorized by George Scarborough, in his capacity as Manger or other authorized representative of Defendant Pelican Investment, LLC, who promised to pay Plaintiff in return for providing said dockage services.

34.     Defendant Pelican Investment, LLC has failed to perform its obligations under the contract by failing to pay, upon timely demand, the contract fee of $21,120.00 for annual dockage of the Yacht.

35. Plaintiff is entitled to contract damages in the amount of at least $21,120.00 for Defendant's failure to perform under the contract, in addition to any damages owed under the default clause at Paragraph 3 of the Agreement which increases the amount due upon default to the daily dockage rate.

36. Defendant is in breach of contract, and Plaintiff is entitled under the contract to the sum of at least $21,120.00 for dockage services provided, plus attorneys' fees and pre-judgment interest.

## COUNT III
### (Against Pelican Investment, LLC, *in personam*)
### Quantum Meruit

37. Plaintiff Chesapeake Harbour Marina, Inc. realleges the above paragraphs of the Verified Complaint as if fully set forth herein.

38. Plaintiff provided dockage services to the Defendant Yacht, for which Plaintiff remains unpaid in the amount of $21,120.00.

39. Plaintiff rendered a valuable service to Defendant with the intention of receiving a fee for services rendered.

40. Defendant authorized and accepted these services to be made by Plaintiff in providing dockage to the Yacht, Defendant received the benefit of these services, and Defendant knew that Plaintiff expected to be paid for such services.

41. All services rendered by Plaintiff to the Vessel were rendered under such circumstances that Defendant knew that Plaintiff expected to be paid for the value of its services.

42. Defendant have failed to pay, upon timely demand, the balance of at least $21,120.00 for these services.

## COUNT IV
### (Against Pelican Investment, LLC, *in personam*)
### Unjust Enrichment

43.     Plaintiff Chesapeake Harbour Marina, Inc. realleges the above paragraphs of the Verified Complaint as if fully set forth herein.

44.     Plaintiff Chesapeake Harbour Marina, Inc. furnished dockage services to the Defendant Yacht, for which materials and labor Plaintiff remains unpaid in the amount of at least $21,120.00.

45.     As a direct and proximate result of Plaintiff furnishing dockage services to the Defendant Yacht, Plaintiff conferred a substantial benefit on Defendant as the owner of the Vessel, for which Plaintiff is entitled to be compensated.

46.     Defendant was aware of, and had knowledge of, the benefits conferred upon the Yacht by Plaintiff Chesapeake Harbour Marina, Inc. during the period these benefits were conferred.

47.     Absent payment of the balance of $21,120.00, Defendant will be unjustly enriched by virtue of the Marina's furnishing dockage services to the Yacht, and the Marina's expenditures make it inequitable for Defendant to retain these benefits without payment of their value.

48.     The reasonable value of the Marina's dockage services provided to the Yacht, for which Defendant has not paid, is at least $21,120.00.

WHEREFORE, the Plaintiff, Chesapeake Harbour Marina, Inc., prays:

    a)     That a warrant issue for the arrest of the Defendant Yacht and her engines, tackle, equipment, furniture and all other necessaries thereunto appertaining

and belonging, and that all persons claiming any interest therein may be cited to appear and answer the matters aforesaid;

b) That Plaintiff be decreed to have a maritime lien *in rem* upon the Defendant Yacht, her engines, tackle, equipment, furniture and all other necessaries thereunto appertaining and belonging, and that such a lien be foreclosed in accordance with the law and thereupon that the Yacht be condemned and sold in payment of the amount due and all such other sums that are owed;

c) That upon proper notice and hearing, judgment be entered against the Defendant Yacht, *in rem*, for the aforementioned damages in the amount of $21,120.00, or some higher amount to be determined at trial, plus pre-judgment interest, *custodia legis* expenses, U.S. Marshal's fees and expenses, attorneys' fees, and other recoverable litigation costs;

d) That this Court may direct the manner in which actual notice of the commencement of this suit shall be given by the Plaintiff to any person, firm or corporation who has recorded a notice of claim of an undischarged lien upon the Yacht,

e) That this Court enter judgment jointly against Defendant Pelican Investment, LLC in the amount of $21,120.00, or some higher amount to be determined at trial, plus pre-judgment interest, post judgment interest, attorneys' fees, and other recoverable litigation costs; and

f) That such other and further relief be granted as this Court deems just and proper.

Respectfully Submitted September 23, 2020

_/s/_____
Todd D. Lochner (Bar No. 25691)
tlochner@boatinglaw.com
_/s/_____
Gregory R. Singer (Bar No. 19314)
gsinger@boatinglaw.com
Lochner Law Firm, P.C.
91 Main Street, 4th Floor
Annapolis, MD 21401
(443) 716-4400
*Attorneys for the Plaintiff*

## VERIFICATION
### Plaintiff Chesapeake Harbour Marina, Inc.

Marie Carbone, being duly sworn, deposes and says:

I am the Chief Financial Officer of Chesapeake Harbour Marina, Inc., the corporate plaintiff herein. I have read the foregoing Verified Complaint and know the contents thereof and the same is true to my own knowledge, except as to the matters therein stated upon information and belief and as to those matters I believe them to be true.

The reason that I make this verification is that Chesapeake Harbour Marina, Inc., is a Corporation, and I am the Chief Financial Officer thereof.

The sources of my information and the grounds of belief as to all matters not stated in the Complaint to be alleged upon my own knowledge are reports made to me by other Employees, Officers, and Directors and the records of the Corporation.


Chesapeake Harbour Marina, Inc

*/s/ Marie Carbone*
_____
By: Marie Carbone, CFO
Chesapeake Harbour Marina, Inc

-1-